## C. Dooley v. The State.

### No. 4277. Decided February 12, 1908.

**1.—Local Option—Terms of County Court—Indictment—Elections.**

Upon appeal from a conviction of a violation of the local option law the questions raised on the terms of the county court, and the sufficiency of the indictment as well as the validity of the election having all been previously adjudicated by this court, are not considered.

**2.—Same—Charge of Court—Words and Phrases.**

Where upon trial for a violation of the local option law the court in his charge, giving the jury the criterion by which to weigh impeaching testimony, used the word "credit" instead of "credibility" of the witness, there was no error.

**3.—Same—Defensive Theory—Charge of Court.**

Where upon trial for a violation of the local option law, the question whether defendant paid prosecutor for the whisky arose from the evidence, it was proper for the court to charge on this phase of the case.

**4.—Same—Evidence—Cross-Examination.**

Where upon trial for a violation of the local option law, the defense brought out on cross-examination testimony that the witness was a United States officer employed by the government to prevent the introduction of liquor into the Indian Territory, etc., there was no error.

**5.—Same—Evidence—Mask.**

Where upon trial for a violation of the local option law, it was shown that defendant wore a mask on the night prosecutor purchased the whisky from him, and said mask was introduced in evidence and put on by the witness before any objection was made thereto, there was no error.

**6.—Same—Evidence—Circumstances.**

Upon trial for a violation of the local option law there was no error in identifying the bottle that the prosecutor purchased from defendant.

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*Smith & Wall,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The contention of appellant with reference to the terms of the county court, as fixed by the commissioners court, and want of jurisdiction in said county court by reason of said orders, and the attack upon the validity of the indictment and questions urged for the reversal, growing out of the holding of the local option election and the introduction of the records in evidence, have been sufficiently discussed in other cases during the present term and have been decided adversely to appellant. We deem it unnecessary to go into a further discussion of these matters.

The criticisms of the charge of the court on the ground of the weight of evidence, not warranted thereby and fails to state a correct proposition of law, we do not believe are well taken. The first attack on the charge is with reference to the instruction to the jury, giving them a criterion by which to weigh the impeaching testimony against the witness Johnson. In his charge the court informed the jury that any statement or statements inconsistent with and contradictory of the witness testifying before them, could be considered by them only in determining the weight and the "credit" they should give the testimony of said witness. The usual explanation, if the statute is followed, would be "credibility" of the witness instead of the "credit." We do not think the difference between the expressions "credibility" and "the credit" of the witness of sufficient importance to require a reversal, if, in fact, it constitutes any difference. This excerpt of the charge is criticised: "If you believe from the evidence that on said date, the prosecuting witness, W. S. Johnson, went into the place where defendant was and took a bottle of whisky from the bar or counter in said place, but you do not believe from the evidence that the said Johnson paid defendant any money therefor, or if there remains in your minds a reasonable doubt as to his paying defendant money therefor, you will acquit the defendant," etc. This was the defendant's theory of the case, and we are of opinion the court was correct in giving the charge. Johnson testified that he went to the place where appellant was behind the counter and bought a bottle of whisky from him. Defendant introduced quite a lot of testimony from different witnesses to the effect that Johnson did not buy the whisky, but went behind the counter, picked up the bottle of whisky, placed it in his pocket and brought appellant and the whisky both out from behind the counter, and that he did not pay for it, but simply took the bottle of whisky, at same time placing appellant under arrest. If that is true, or if there was a reasonable doubt that he did pay for it, appellant should have been acquitted and the court was correct in so instructing the jury.

Another bill was reserved to the court's ruling in admitting the testimony of Johnson, to the effect, that a part of his duties as an officer of

the United States government was to prevent the introduction of liquor in the Indian Territory and Oklahoma, and that he was employed by the Secretary of the Interior; that it was a part of his duties to come to Texas; that it was a part of his duties to go anywhere he could be of service in assisting to check the supply of whisky that was going into the Indian Territory. Several objections were urged to this testimony, but the court explains it by stating that this was brought out upon cross-examination after the matter had been gone into thoroughly by the defense, and that this matter grew out of an examination of the witness in regard to the matters brought out by the defendant. With this explanation, we believe this testimony was properly admitted. When appellant was arrested he had on a mask, a black hood and a jumper, and it was at the time also that the alleged sale should have been made to the witness Johnson, and while Johnson was testifying this mask, hood and jumper were brought into the courtroom in the presence of the jury, to which appellant objected. The witness was further permitted to examine said mask, hood and jumper and testify that to the best of his knowledge and belief, it was the garb appellant had on the night he (witness) purchased the whisky. The witness was then permitted to put the mask on his face, the black cloth over his head, and also to put on the jumper. Objection was urged. The court says, that as a matter of fact, this was not complained of until the witness had donned the mask and hood, and the court had no opportunity to control the matter until it had been done; and with this qualification the bill is allowed. We are of opinion that this matter as presented was not objectionable.

There was some evidence introduced to identify the bottle of whisky alleged to have been purchased, and some matters growing out of it by which the witness sought to identify it. We are of opinion that this was admissible. The contents of the bottle was not admitted. The court says, in qualification, that the bottle was introduced and identified as the bottle that the witness purchased, and we are of opinion this testimony was admissible for that purpose.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*